IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

RECEIVED

MAR 3 1 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | | |
|---|---|---|
| HUTCHINSON INDUSTRIES, INC. AND HUTCHINSON S.A. | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| ACCURIDE CORPORATION | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs Hutchinson Industries, Inc. ("Hutchinson Industries") and Hutchinson S.A.

(together "Hutchinson") for their Complaint against Defendant Accuride Corporation

("Accuride"), allege as follows:

## THE PARTIES

1.     Hutchinson Industries is a Delaware corporation having its principal place of

business at 460 Southard Street, Trenton, NJ 08638.  Hutchinson Industries is the premier

designer and manufacturer of mobility components for wheeled vehicles, with a full line of

products including runflats for various levels of security, beadlocks, 2-pc aluminum Tactical™

and commercial wheels, and turn-key assembly services.

2.     Hutchinson S.A. is a French Corporation having its principal place of business at

2, Rue Balzac 75008 Paris, France.

3.     On information and belief, Accuride Corporation ("Accuride") is a Delaware

corporation having its principal place of business at 7140 Office Circle, P.O. Box 15600, Evansville, IN 47716-0600. Accuride is in the business of manufacturing and selling automotive wheels and rim products, in various states, including New Jersey.

## JURISDICTION AND VENUE

4.     This is an action against Accuride for patent infringement arising under the U.S. Patent Laws, Title 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over this action under 28 U.S.C. § 1338(a). Defendant Accuride is subject to personal jurisdiction in this district because it conducts business in New Jersey. *See* N.J. CT. R. 4:4-4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENT-IN-SUIT

5.     On November 5, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,474,383 ("the '383 patent"), entitled "Automotive Wheel With Improved Inflation System." A copy of the '383 patent is attached hereto as Exhibit A.

6.     Plaintiff Hutchinson, S.A., through assignment, is the owner of the entire right, title and interest in and to the '383 patent.

7.     Plaintiff Hutchinson Industries has been granted a license to make, use, offer for sale and sell products covered by the '383 patent.

8.     The '383 patent generally describes an improved automotive wheel for use in connection with a central inflation system wherein the air passages for conveying air to and from the tubeless tire thereon are formed internally of the wheel rim itself.

9.     The automotive wheel disclosed in the '383 patent was pioneered by Hutchinson through extensive investments of time and money in research and development. The inventiveness represented by these scientific advances was recognized by the United States

Patent and Trademark Office through the grant of the '383 patent. Hutchinson Industries has made, used, offered for sale and sold automotive wheels according to the invention of the '383 patent, and it continues to do so. Hutchinson Industries has also made and continues to make extensive expenditures of time and money for advertising, marketing and additional technical developments relating to this invention.

10.     Upon information and belief, Accuride has made (or had others make), offered for sale, sold, and used within the United States automotive wheels that infringe one or more claims of the '383 patent, and is continuing to do so.

**COUNT 1 – DIRECT INFRINGEMENT OF THE '383 PATENT**

11.     The allegations of paragraphs 1 through 10 are incorporated herein by reference.

12.     Upon information and belief, Accuride has directly infringed and is directly infringing the '383 patent by making, offering to sell, selling and using in the United States automotive wheels that meet the limitations, literally and/or by equivalents, of one of more claims of the '383 patent.

13.     As a consequence of Accuride's infringement of the '383 patent, Hutchinson has been and continues to be damaged.

14.     Unless enjoined, Accuride will continue its infringing acts, thereby causing Hutchinson irreparable injury for which there is no adequate remedy by law.

**COUNT 2 - WILLFUL INFRINGEMENT**

15.     The allegations of paragraphs 1 through 14 are incorporated herein by reference.

16.     Upon information and belief, at all times during which Accuride has directly infringed the '383 patent, it has been aware of the '383 patent and that its activities constitute infringement of the '383 patent.

3

17.     Upon information and belief, Accuride's infringement has been and continues to be deliberate and willful.

18.     As a consequence of Accuride's willful infringement, Hutchinson has been and continues to be damaged.

19.     Unless enjoined, Accuride will continue its willfully infringing acts, thereby causing Hutchinson irreparable injury for which there is no adequate remedy by law.

20.     This is an exceptional case pursuant to 35 U.S.C. § 285.

## JURY DEMAND

21.     Plaintiffs demand a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Hutchinson Industries and Hutchinson S.A. pray for judgment as follows:

A.     That Defendant Accuride has directly infringed the '383 patent;

B.     That Defendant Accuride knowingly and willfully engaged in the aforementioned acts of infringement and thus willfully infringed the claims of the '383 patent;

C.     That Defendant Accuride, and its officers, directors, employees, agents and those persons acting in concert therewith, be preliminarily and permanently enjoined from engaging in the aforementioned acts and from otherwise infringing the claims of the '383 patent;

D.     That Plaintiffs Hutchinson Industries and Hutchinson S.A. be awarded their actual damages adequate to compensate for the infringement, including without limitation their lost profits, diminished profits and/or a reasonable royalty, and that these damages be trebled pursuant to 35 U.S.C. § 284;

4

E.      That this case be declared exceptional within the meaning of 35 U.S.C. § 285, and

        that Plaintiff be awarded its reasonable attorneys' fees incurred in connection with

        this action pursuant to 35 U.S.C. §285, interests, and costs; and

F.      For such other and further relief as is just and proper.

Respectfully submitted this 31st day of March, 2009.


                              S/ Fredric R. Cohen
                              Fredric R. Cohen
                              Sherman Silverstein Kohl Rose & Podolsky
                              4300 Haddonfield Road
                              Suite 311
                              Pennsauken, NJ 08109
                              Telephone:    (856) 661-2061
                              Facsimile:    (856) 488-4744
                              E-mail: fcohen@sskrplaw.com

                              Bruce J. Rose
                              North Carolina Bar No. 20105
                              S. Benjamin Pleune
                              North Carolina Bar No. 28748
                              ALSTON & BIRD LLP
                              Bank of America Plaza
                              101 South Tryon Street, Suite 4000
                              Charlotte, North Carolina 28280-4000
                              (704) 444-1000 – Telephone
                              (704) 444-1111 – Facsimile
                              E-mail:  bruce.rose@alston.com
                              E-mail:  ben.pleune@alston.com

                              ATTORNEYS FOR PLAINTIFFS