HANGLEY ARONCHICK SEGAL & PUDLIN
Michele D. Hangley (MH 0373)
Naomi B. Mendelsohn (NM 7077)
20 Brace Road, Suite 201
Cherry Hill, NJ  08034
(856) 616-2100
Attorneys for Accuride Corporation

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| HUTCHINSON INDUSTRIES, INC. AND HUTCHINSON S.A., | C.A. No.: 3:09-cv-01489-FLW-LHG |
| Plaintiffs, | |
| v. | |
| ACCURIDE CORPORATION, | Honorable Freda L. Wolfson, U.S.D.J. |
| Defendant. | |
| | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| | **MOTION DATE:  JULY 20, 2009** |
| | **ORAL ARGUMENT REQUESTED** |

## **Table of Contents**

I.     Introduction....................................................................................................i

II.    Accuride Has Supplied Products Solely for a Government Contract .............2

       A.     The U.S. Army Issued a Solicitation for a Mine Resistant
              Ambush Protected-All Terrain Vehicle ("M-ATV").............................2

       B.     Accuride Made Wheels for the M-ATV Solicitation, Which
              Makes the Wheels "for the Government".............................................4

       C.     Hutchinson Knew that Accuride's Wheels Were Made Solely
              for the M-ATV Solicitation and thus "for the Government"...............6

III.   The Sole Remedy for Allegations of Patent Infringement of Products
       "for the Government" Is a Claim in the Court of Federal Claims..................7

IV.    Hutchinson's Complaint Should Be Dismissed by a Motion to
       Dismiss Pursuant to Rule 12(b)(6) Because 28 U.S.C. § 1498 Applies
       in this Case....................................................................................................8

       A.     Accuride Made and Used the Accused Wheel for the
              Government.........................................................................................9

       B.     Accuride Made the Wheels at Issue with the Authorization and
              Consent of the Government................................................................12

       C.     Hutchinson's Effort to Prevent the Government from Using
              Accuride's Wheels is Contrary to the Purpose of § 1498..................14

V.     If a Motion to Dismiss Is Not Granted, Alternatively, Accuride Moves
       for a More Definite Statement to Understand Hutchinson's
       Allegations...................................................................................................15

VI.    Hutchinson's Complaint Should be Dismissed Entirely, or
       Alternatively, Hutchinson Should be Ordered to Provide a More
       Definite Statement .......................................................................................17

# Table of Authorities

## Federal Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ................................................................9

*Anticancer Inc. v. Xenogen Corp.*,
248 F.R.D. 278 (S.D. Cal. 2007) ...........................................15

*Astaris, LLC v. Fire-Trol Holdings, LLC,* No. Civ. 03-1468-PHX-
ROS, 2006 U.S. Dist. LEXIS 384 (D. Az. Jan. 5, 2006) ..........8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..............................................................15

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ................................................................8

*Coakwell v. United States*,
372 F.2d 508 (Ct. Cl. 1967)................................................7, 14

*Crater Corp. v. Lucent Techs., Inc.*,
255 F.3d 1361 (Fed. Cir. 2001) ..........................................9, 11

*Francis v. Joint Force Headquarters Nat'l Guard*,
Civ. No. 05-4882 (JBS), 2008 WL 4560714 (D.N.J. Oct. 7, 2008)...15, 16

*Hughes Aircraft Co. v. United States*,
534 F.2d 889 (Ct. Cl. 1976).....................................................9

*Raymond Eng'g, Inc. v. Miltope Corp.*,
231 U.S.P.Q. 575 (S.D.N.Y. 1986) ...................................11, 12

*TVI Energy Corp. v. Blane*,
806 F.2d 1057 (Fed. Cir. 1986) .........................................12, 13

*Trojan, Inc. v. Shat-R-Shield, Inc.*,
   885 F.2d 854 (Fed. Cir. 1989) ..................................................................8

*W.L. Gore & Assoc., Inc. v. Garlock, Inc.*,
   842 F.2d 1275 (Fed. Cir. 1988) ................................................................7

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1498(a) ...............................................................................1, 7, 9

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 8

Fed. R. Civ. P. 12(d) ...................................................................................1, 8

Fed. R. Civ. P. 56............................................................................................8

## I.      Introduction

Defendant Accuride Corporation ("Accuride") moves to dismiss Hutchinson

Industries, Inc.'s and Hutchinson S.A.'s (collectively, "Hutchinson") claim for

infringement of U.S. Patent No. 6,474,383 B1 ("the '383 patent") for failure to

state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]

Hutchinson's patent-infringement claim is predicated on Accuride's supply

of automotive wheels to companies bidding on a Government contract with the

United States Army.  But, under 28 U.S.C. § 1498 (2006), Hutchinson's sole

recourse for this allegedly infringing activity is an action against the United States

in the United States Court of Federal Claims.  Hutchinson is a competitor of

Accuride that also supplies wheels to companies bidding on the Government

contract.  And, Hutchinson was fully aware that Accuride's allegedly infringing

activity was pursuant to this same government contract prior to filing this action.

Rather than bringing this action in the Court of Federal Claims, Hutchinson

appears instead to have wrongfully attempted to use this action to dissuade those

companies bidding on the Army contract from selecting Accuride, as opposed to

Hutchinson, as a subcontractor.  Given that the purpose of § 1498 is to allow the

---

[1] If the Court finds that Accuride's Motion cannot be determined under Fed. R. Civ. P. 12(b)(6), Accuride respectfully requests that it convert the Motion to one for summary judgment under Fed. R. Civ. P. 12(d).

Government to buy from the vendor of its choice, Hutchinson's District Court action not only wastes this Court's time but seeks to intrude upon the inherent rights of the U.S. Government.

To the extent that Hutchinson's infringement claim is based on activity other than Accuride's activities under a Government contract with the U.S. Army, Hutchinson's Complaint fails to provide sufficient specificity regarding the accused product to give Accuride fair notice of the grounds upon which Hutchinson's claim(s) allegedly rest.  Accordingly, Accuride moves in the alternative for a more definite statement of the basis for Hutchinson's claims.

## II.   Accuride Has Supplied Products Solely for a Government Contract

### A.   The U.S. Army Issued a Solicitation for a Mine Resistant Ambush Protected-All Terrain Vehicle ("M-ATV")

On December 8, 2008, the U.S. Army Contracting Command issued Solicitation No. W56HZV-09-R-0115 for a Mine Resistant Ambush Protected-All Terrain Vehicle ("M-ATV").  *See* Exh. 1; Exh. 7, Affidavit of James K. Eaton at ¶ 7.  The M-ATV will provide off-road mobility for military missions in areas without established roads, as well as increased resistance to explosively formed projectiles and rocket-propelled grenades.  *See* Exh. 1 at 2.

To allow the M-ATV to quickly transition between highway and off-road operation, the M-ATV solicitation states:  "[t]he vehicle shall be equipped with a Central Tire Inflation System (CTIS) which will allow the driver to adjust all

vehicle tires to any one of four preset tire pressures." Exh. 2, M-ATV Performance Spec. at 77; Exh. 7, Eaton Aff. at ¶ 7. A typical CTIS includes several components, including a wheel valve. *See* Eaton Aff. at ¶ 5. In order for a vehicle to utilize a specific CTIS design, certain vehicle components including axles, hubs, and wheels must be compatible with the CTIS, meaning these components must be configured to interface with the CTIS components. *Id*. at ¶ 6. Because the M-ATV solicitation states that the M-ATV shall include a CTIS, it also requires a wheel that interfaces with the CTIS components. *Id.* at ¶ 7.

A number of companies submitted proposals in response to the M-ATV solicitation. One of these companies is BAE Systems Ground Systems ("BAE"), which proposed the vehicle pictured below. Exh. 3, BAE News Release; Exh. 15, Affidavit of Cortney S. Alexander at ¶ 3. Other companies that have submitted a bid for the M-ATV contract are Navistar Defense, LLC ("Navistar") and Oshkosh Corporation ("Oshkosh"). Exh. 4, Navistar Article; Exh. 5, Oshkosh Article; Exh. 15, Alexander Aff. at ¶¶ 4-5. As part of their bids, BAE, Navistar and Oshkosh delivered two production representative vehicles to the Army. Exh. 3, BAE News Release; Ex. 4, Navistar Article; Exh. 5, Oshkosh Article. Furthermore, the Army has awarded each of these companies a contract for an additional three test units. Exh. 6, IBIQ Contract Article; Exh. 15, Alexander Aff. at ¶ 6.



**B.      Accuride Made Wheels for the M-ATV Solicitation, Which Makes the Wheels "for the Government"**

Companies bidding for the M-ATV contract, such as BAE, Navistar, and Oshkosh, do not themselves manufacture every component of their proposed vehicles, but instead use subcontractors to supply various components of the vehicle.  Both BAE and Navistar have purchased wheels from Accuride in connection with their bids in response to the M-ATV solicitation.  Exh. 7, Eaton Aff. at ¶ 12.  Accuride has also provided five wheels to Oshkosh at no charge for its evaluation in connection with its bid on the M-ATV solicitation.  *Id.* at ¶ 13.  In compliance with the M-ATV solicitation, the wheels provided by Accuride for the M-ATV solicitation provide an interface with the CTIS design and overall vehicle

designs that BAE, Navistar, and Oshkosh prepared in response to the M-ATV

solicitation's requirements.[2]  *Id.* at ¶ 14.

Accuride has provided the accused wheel only to BAE, Navistar, and

Oshkosh.  *Id.* at ¶ 11.  In each of these cases, Accuride provided the wheel only in

connection with the M-ATV solicitation.  *Id.*  Accuride's quotation to BAE for the

accused wheel expressly indicates that the quotation is with respect to the M-ATV

solicitation.  Exh. 8, Quotation No. PR-0383-2008; Exh. 7, Eaton Aff. at ¶ 16.

Similarly, Accuride's quotation to Navistar states that it is "in support of Navistar's

proposal in response to U.S. Army Contracting Command Solicitation No.

W56HZV-09-R-0115."  Exh. 9, Quotation No. PR-0170-2009; Exh. 7, Eaton Aff.

at ¶ 17.  Accuride likewise informed Oshkosh that the accused wheel was provided

for Oshkosh's "evaluation on the M-ATV program."  Exh. 10, 5/15/09 email; Exh.

7, Eaton Aff. at ¶ 18.

Therefore, Accuride's provision of the accused wheel has been solely in

connection with the Army's solicitation of bids for the M-ATV.  *Id.* at ¶ 8.

Accuride has made no effort to sell or offer to sell the accused wheel to anyone

except in connection with the M-ATV solicitation.  *Id.* at ¶ 9.  Furthermore,

---

[2] Accuride makes a wheel that interfaces with wheel valves for a CTIS, but does not make the CTIS itself.  Exh. 7, Eaton Aff. at ¶¶ 3-4.

Accuride has no intention to make, sell, offer to sell, or use the accused wheels

except in connection with a U.S. Government contract. *Id.* at ¶ 10.

### C. Hutchinson Knew that Accuride's Wheels Were Made Solely for the M-ATV Solicitation and thus "for the Government"

On information and belief, plaintiff Hutchinson, like Accuride, is a

subcontractor providing wheels to a number of companies that have submitted bids

for the M-ATV contract.  After viewing Accuride's wheel on BAE's M-ATV,

Hutchinson informed Accuride of its belief that Accuride's wheel infringes the

'383 patent.  Exh 11, 3/16/09 ltr; Exh. 7, Eaton Aff. at ¶ 19.  BAE also informed

Accuride that it received letters from Hutchinson alleging that the wheel supplied

by Accuride infringes the '383 patent.  Exh. 7, Eaton Aff. at 15.

Accuride responded to Hutchinson's allegations with a letter confirming that

the actions accused in Hutchinson's letters were "for the U.S. Government" and

that Hutchinson's sole remedy was an action "in the Court of Federal Claims."

Exh. 12, 3/20/09 ltr; Exh. 7, Eaton Aff. at ¶ 20.  Eleven days later, Hutchinson filed

this District Court action.  Significantly, in neither its Complaint, nor its recently

filed motion for preliminary injunction, has Hutchinson accused any activity other

than Accuride's supply of wheels pursuant to the M-ATV solicitation.

### III.   The Sole Remedy for Allegations of Patent Infringement of Products "for the Government" Is a Claim in the Court of Federal Claims

A patentee takes his patent from the United States subject to the Government's eminent domain rights to use the invention.  *See W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1283 (Fed. Cir. 1988).  To enable the United States "to purchase goods for the performance of its functions without the threat of having the supplier enjoined from selling patented goods to the Government," the United States enacted 28 U.S.C. § 1498.  *Coakwell v. United States*, 372 F.2d 508, 511 (Ct. Cl. 1967) (citation omitted); 28 U.S.C. § 1498.

Under § 1498, "[t]he government has graciously consented . . . to be sued in the Claims Court [now, Court of Federal Claims] for reasonable and entire compensation."  *W.L. Gore*, 842 F.2d at 1283; 28 U.S.C. § 1498.  A suit in the Court of Federal Claims is a patent owner's sole recourse — "use or manufacture [of an invention] for the United States is immune from suit for patent infringement in the district courts against the user or manufacturer."  *W.L. Gore*, at 1282-83.

This immunity under § 1498 extends not just to prime contractors directly contracting with the United States, but the immunity also extends to subcontractors manufacturing or using an invention for the United States.  28 U.S.C. § 1498(a); *W.L. Gore*, 842 F.2d at 1283.  Additionally, § 1498's immunity further extends to activity conducted as part of the bidding process for a government contract:  "a

patent owner may not use its patent to cut the government off from sources of

supply, either at the bid stage or during performance of a government contract."

*Trojan, Inc. v. Shat-R-Shield, Inc.*, 885 F.2d 854, 856-57 (Fed. Cir. 1989); *see also*

*Astaris, LLC v. Fire-Trol Holdings, LLC*, No. Civ. 03-1468-PHX-ROS, 2006 U.S.

Dist. Lexis 384, *21 (D. Az. Jan. 5, 2006) (holding that "a potential government

contractor . . . is properly protected under § 1498 from liability for patent

infringement even during the time it develops and manufactures a small quantity of

infringing product for testing when the product is later subject to bidding to supply

the United States with the product").

## IV.   Hutchinson's Complaint Should Be Dismissed by a Motion to Dismiss Pursuant to Rule 12(b)(6) Because 28 U.S.C. § 1498 Applies in this Case

A claim should be dismissed if it fails to state a claim upon which relief can

be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When a motion to dismiss under Rule

12(b)(6) presents matters outside the pleadings, the motion may be treated as one

for summary judgment under Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).  A

motion under Rule 56 should be granted if there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  While the burden is initially

upon the movant to establish the absence of any genuine issue of material fact and

entitlement to judgment as a matter of law, the non-moving party must set forth

specific facts showing a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Here, Accuride has satisfied the initial burden.

Under § 1498, a government contractor or subcontractor is immune from suit for patent infringement if two criteria are met:  (1) the use is "for the Government"; and (2) the use is "with the authorization or consent of the Government."  *See* 28 U.S.C. § 1498(a); *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 897-98 (Ct. Cl. 1976).  The Federal Circuit has held that, pursuant to Rule 12(d), where the undisputed facts establish that accused product was made or used for, and with the consent of, the Government, a motion to dismiss under Rule 12(b)(6) may properly be granted.  *See Crater Corp. v. Lucent Techs., Inc.*, 255 F.3d 1361, 1366, 1371 (Fed. Cir. 2001) (holding that district court properly treated accused infringer's motion to dismiss under 12(b)(6) based on § 1498 defense as a motion for summary judgment, and affirming the court's grant of summary judgment in favor of the accused infringer).

### A.     Accuride Made and Used the Accused Wheel for the Government

Here, the totality of the evidence establishes that Accuride has made and used the accused wheel only in connection with the Army's M-ATV solicitation.

First, the M-ATV solicitation indicates that the M-ATV should include a Central Tire Inflation System, thereby requiring a wheel that interfaces with a CTIS.  Exh. 2, M-ATV Performance Spec. at 77; Exh. 7, Eaton Aff. at ¶ 7.

Next, Accuride has made, used, offered for sale, and sold the accused CTIS-compatible wheel only in connection with the M-ATV solicitation.  Exh. 7, Eaton Aff. at ¶ 8.  Indeed, Accuride has supplied the accused wheel to only three companies, BAE, Navistar, and Oshkosh,  *Id.* at ¶ 11.  In each instance the wheel was supplied to these companies in connection with their bid on the M-ATV solicitation.  *Id.* at ¶¶ 11-13.  The documentation surrounding Accuride's supply of the accused wheel to these companies confirms that those sales are pursuant to the M-ATV solicitation.

For example, BAE's request to Accuride for a quotation for the accused wheel indicates that it is for the "M-ATV vehicle prototype build."  Exh. 13, BAE RFP; Exh. 7, Eaton Aff. at ¶ 21.  Accuride's Quotation No. PR-0383-2008 to BAE for the accused wheels specifically states that the quotation is pursuant to the M-ATV solicitation:  "Accuride is providing this proposal to AE in support of BAE's proposal in response to U.S. Army Contracting Command Solicitation W56HZV-09-R-0115.  In making this proposal, Accuride has reviewed the applicable RFP and noted that it contains the 'Authorization and Consent' Clause . . ."  Exh. 8, BAE Quotation No. PR-0383-2008.  BAE's letter accepting Accuride's quotation specifically references Accuride's Quotation No. PR-0383-2008, confirming that BAE understood that Accuride supplied the wheels pursuant to the M-ATV solicitation.  Exh. 14, Notification of Award; Exh. 7, Eaton Aff. at ¶ 22.

Accuride's quotation to Navistar states that it is "in support of Navistar's proposal in response to U.S. Army Contracting Command Solicitation No. W56HZV-09-R-0115."  Exh. 9, Quotation No. PR-0170-2009.  Similarly, Accuride indicated that the wheels supplied for Oshkosh's evaluation were supplied "for evaluation on the M-ATV program."  Exh. 10, 5/15/09 email.

The Federal Circuit has held that evidence like that presented by Accuride establishes the applicability of § 1498.  In *Crater Corp.*, the accused infringer, a subcontractor on a government contract, provided discovery responses stating that it had "not designed, developed, manufactured, sold, or offered for sale, directly or through another, [accused product] to or for anyone other than the United States of America."  *Crater*, 255 F.3d at 1368.  This evidence was buttressed by the contract between the Government and the prime contractor authorizing work under the contract, as well as the contract between the prime contractor and the accused infringer.  The Federal Circuit held that "[t]his evidence alone substantiates [the accused infringer's] claim that it was a subcontractor working on the [accused product] for the government, thereby establishing [its] defense under § 1498(a)."  *Id.*; *see also Raymond Eng'g, Inc. v. Miltope Corp.*, 231 U.S.P.Q. 575, *7-8 (S.D.N.Y. 1986) (holding that sales made pursuant to purchase orders referencing government contract "clearly fall within the scope of section 1498").  In the same

11

way, Accuride has established that its manufacture and use of the accused wheel is solely for the Government pursuant to the M-ATV solicitation.

### B. Accuride Made the Wheels at Issue with the Authorization and Consent of the Government

There can be no dispute that the Government has authorized and consented to Accuride's manufacture and use of the accused wheels. The M-ATV solicitation required bidders to provide two production representative vehicles for testing by the Government: "offerors must deliver to a Government test facility two Production Representative Vehicles (PRVs)." Exh. 1, W56HZV-09-R-0115 at 3. Further, the Army has awarded BAE, Navistar, and Oshkosh a contract to provide three additional test vehicles. Exh. 6, IBIQ Contract Article. It is well-established that efforts to comply with the Government's bidding requirements are conducted with the Government's authorization and consent:

> The significant point is that [the accused infringer] was required to demonstrate the allegedly infringing [product] as part of the Government's bidding procedure. . . . In these circumstances, we can come to no other conclusion than that this demonstration fell within the scope of § 1498 as being 'for the United States' and 'with its approval.

*TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986); *see also Raymond Eng'g*, 231 U.S.P.Q. 575, *8-9 (S.D.N.Y. 1986) (holding that subcontractors pre-contractual manufacture of prototypes for potential prime contractor's evaluation was within the scope of § 1498).

As discussed above, Accuride has made the accused wheel only in connection with its supply of wheels to BAE, Navistar, and Oshkosh for the M-ATV solicitation.  Because this activity was required in order to comply with the bidding, "Government authorization was expressed by the specific requirement that" bidders provide production representative vehicles for testing.[3]  *See id.*

Further confirming that Accuride's manufacture and use of the accused wheel was with the authorization and consent of the Government, the M-ATV solicitation incorporates by reference Federal Acquisition Regulation 52.227-1.  *See* W56HZV-09-R-0115 at 84.  This regulation states that the Government authorizes and consents to the use of any invention "[e]mbodied in the structure or composition of any article the delivery of which is accepted by the Government under this Contract."  FAR 52.227-1.  The Government accepted delivery of the M-ATV manufactured by BAE and Navistar, for which the accused wheel was supplied.  Exh. 3, BAE Press Release; Exh. 4, Navistar Article.  Accordingly, there

---

[3] It is irrelevant that the M-ATV solicitation does not include a specification explicitly requiring a CTIS system that infringes the '383 patent.  The Federal Circuit has held that limiting "the scope of § 1498 only to instances where the Government requires by specification that a supplier infringe another's patent would defeat the Congressional intent to allow the Government to procure whatever it wished regardless of possible patent infringement."  *TVI Energy*, 806 F.2d at 1060.

can be no dispute that Accuride's activity with respect to the accused wheel is with

the authorization and consent of the Government.

### C. Hutchinson's Effort to Prevent the Government from Using Accuride's Wheels is Contrary to the Purpose of § 1498

Accuride informed Hutchinson that its activity with respect to the accused

wheel was solely in connection with the M-ATV project 11 days before

Hutchinson filed suit against Accuride in this Court.  Exh. 12, 3/20/09 ltr.  Without

conceding that Hutchinson was entitled to any relief, Accuride also informed

Hutchinson that its only claim was against the Government in the Court of Federal

Claims.  *Id.*  At no point did Hutchinson identify any allegedly infringing conduct

by Accuride that was not performed in connection with the M-ATV solicitation.  In

its recently filed motion for preliminary injunction, Hutchinson identifies no

alleged infringement other than Accuride's supply of wheels pursuant to the M-

ATV contract.  *See* Mot. Prelim. Inj. [Dkt. 14] at 5.

In the motion for preliminary injunction, Hutchinson acknowledges that its

goal in this lawsuit is to prevent Accuride from supplying wheels to the U.S.

Government in connection with the M-ATV solicitation.  *Id.* at 1-2, 14-15.  Given

that § 1498 was enacted to enable the United States "to purchase goods for the

performance of its functions without the threat of having the supplier enjoined

from selling patented goods to the Government" (*Coakwell*, 372 F.2d at 511),

14

Hutchinson's suit against Accuride in the District Court is particularly troubling. This improper effort to circumvent § 1498 not only harms Accuride, but also has the potential to limit the Government's ability to choose its preferred vendor for a military contract.

**V.     If a Motion to Dismiss Is Not Granted, Alternatively, Accuride Moves for a More Definite Statement to Understand Hutchinson's Allegations**

In its Complaint, Hutchinson does not identify any specific Accuride product as infringing the '383 patent.  Instead, Hutchinson only generally alleges that Accuride infringes by making, offering to sell, selling and using "automotive wheels" that meet the limitations of the '383 patent claims.  Complaint at ¶12.

Under the notice pleading standards of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Francis v. Joint Force Headquarters Nat'l Guard*, Civ. No. 05-4882 (JBS), 2008 WL 4560714, *3 (D.N.J. Oct. 7, 2008).  *Twombly* is applicable in patent infringement suits.  *See Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (applying *Twombly* and granting motion to dismiss infringement complaint because patentee's bare statement of infringement failed to demonstrate a plausible entitlement to relief).

As discussed above, Accuride believes that Hutchinson's infringement claim is premised on the wheels that Accuride supplied to BAE and Navistar under the M-ATV solicitation.  Accuride's belief is based on a threat letter Hutchinson sent Accuride prior to filing this suit.  Exh. 11, 3/16/09 ltr.  However, to the extent Hutchinson accuses some other Accuride product or activity of infringing the '383 patent, Accuride moves for a more definite statement of Hutchinson's claims pursuant to Rule 12(e).  Without such clarification as to the alleged infringement, Accuride is "prevent[ed] from reasonably prepar[ing] a response" to Hutchinson's allegations.  *Francis*, 2008 WL 4560714 at *3.

**VI.    Hutchinson's Complaint Should be Dismissed Entirely, or Alternatively, Hutchinson Should be Ordered to Provide a More Definite Statement**

For the reasons set forth above, Accuride requests that the Court dismiss Hutchinson's claims against Accuride for infringement of the '383 patent based on the M-ATV solicitation.  In the alternative, Accuride requests that the Court order Hutchinson to provide a more definite statement of the basis for its allegations.

Dated:  June 16, 2009

Respectfully submitted,

HANGLEY ARONCHICK SEGAL & PUDLIN

By: /s/ Michele D. Hangley
    Michele D. Hangley (MH 0373)
    Naomi B. Mendelsohn (NM 7077)
    20 Brace Road, Suite 201
    Cherry Hill, NJ 08034
    (856) 616-2100

Of Counsel:

Lionel M. Lavenue
Robert L. Burns
Finnegan Henderson Farabow
  Garrett & Dunner
Two Freedom Square
11955 Freedom Drive, Suite 800
Reston, VA 20190
(571) 203-2700

Cortney S. Alexander
Finnegan Henderson Farabow
  Garrett & Dunner
3500 SunTrust Plaza
303 Peachtree Street NE
Atlanta, GA 30308
(404) 653-6400

**Attorneys for Accuride Corporation**

17